UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MCCARTER, | No. 2:22-cv-00462-KJM-CKD |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RON BROOMFIELD, | |
| Respondent.[1] | |

Petitioner is a state prisoner proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss the petition on the ground that all of the claims are unexhausted.  ECF No. 17.  By way of opposition thereto, petitioner filed a motion to stay these proceedings in order to exhaust his state court remedies.  ECF No. 22.  For the reasons discussed below, the undersigned recommends that respondent's motion to dismiss be granted and petitioner's motion for a stay and abeyance be denied.

**I.      Factual and Procedural History**

Following a jury trial, petitioner was convicted in the Sacramento County Superior Court of two counts of rape; two counts of assault with a deadly weapon; assault to commit rape; and

---

[1] Pursuant to respondent's request, the warden has been substituted as the proper respondent in this action.  See ECF No. 17 at 1.

1

assault likely to produce great bodily injury involving two different victims. ECF No. 1. On July 14, 2017, he was sentenced to 115 years to life plus a consecutive determinate term of 36 years to life in prison. ECF No. 18-1 (Abstract of Judgment); ECF No. 18-7 (direct appeal opinion).

On direct appeal to the California Court of Appeal, petitioner raised five claims for relief. In his first two claims for relief, petitioner asserted that the trial court violated his right to due process by instructing the jury on legally invalid theories that a belt and a bottle were inherently dangerous weapons. See ECF No. 18-2 (Appellant's Opening Brief). Next, petitioner contended that his right to due process was violated when the trial court failed to sua sponte instruct the jury on the lesser included offense of simple assault on count six which charged him with assault with a deadly weapon. ECF No. 18-2. In his fourth claim on appeal, petitioner argued that the admission of the Gina Doe rape as evidence of his propensity to attempt to rape Rita Doe violated his right to due process. Id. Lastly, petitioner requested a limited sentencing remand for the purpose of allowing the trial court to determine whether to strike the five-year prior serious felony convictions. Id. In a supplemental opening brief, petitioner requested the Court of Appeal to strike his prior prison term enhancements based on a recent change in the law made retroactive to cases on appeal. See ECF No. 18-5. In its opinion dated May 10, 2021, the California Court of Appeal struck petitioner's six year prison priors, but otherwise affirmed the judgment. ECF No. 18-7.

Petitioner next filed a petition for review in the California Supreme Court raising only two claims for relief. ECF No. 18-8. First, petitioner asserted that a limited sentencing remand was appropriate to allow the trial court to determine whether to strike petitioner's prior convictions from his sentence. ECF No. 18-8. Lastly, petitioner raised a due process challenge to the admission of propensity evidence to be used to establish the attempted rape charge. ECF No. 18-8. The California Supreme Court denied the petition on July 28, 2021. ECF No. 18-9.

Petitioner did not file any state habeas corpus petitions challenging his conviction before filing the instant habeas application on February 10, 2022.[2] ECF No. 1. The petition contains

---

[2] The filing date of the petition was calculated using the prison mailbox rule. Houston v. Lack, 487 U.S. 266 (1988).

three claims for relief. ECF No. 1 at 5. First, petitioner contends that his right to due process was violated based on the trial court's instruction that a belt was a deadly weapon under CALCRIM No. 1191. ECF No. 1 at 5. Next petitioner alleges that his trial counsel was ineffective for failing to present evidence that the prosecutor withheld evidence and for not objecting to the lack of DNA evidence in his case. Id. Third, petitioner asserts that the prosecutor engaged in misconduct. Id.

Respondent filed a motion to dismiss the pending habeas application because none of the claims have been properly exhausted in state court. ECF No. 17. Petitioner's jury instruction challenge was not included in his petition for review to the California Supreme Court on direct appeal. ECF No 17 at 3. The remaining claims have not been presented to either the California Court of Appeal or the California Supreme Court. ECF No. 17. Therefore, "[u]nless petitioner shows a stay is appropriate, the petition must be dismissed." Id. at 3 (citing Mena v. Long, 813 F.3d 907 (9th Cir. 2016).

Petitioner opposed the motion by filing a request for a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 22. As good cause for the stay, petitioner asserts that after "becoming aware that the… report of Criminalist Stephanie James had the potential to raise doubt about petitioner's guilt, he immediately set about searching for those document(s) in order to mount a collateral attack upon his conviction." ECF No. 22 at 7-8. Additionally, as a pro se prisoner, petitioner did not learn that he first needed to file a state habeas petition until after he filed the pending § 2254 application. Id. at 8. Petitioner requests a stay in order to return to state court to "first, pursue a writ seeking Criminalist James' analysis and report relating to her findings… followed by a writ challenging the conviction." Id.

Respondent filed an opposition to petitioner's motion for a stay and abeyance. ECF No. 23. First, respondent contends that petitioner has not demonstrated the requisite good cause for a Rhines stay. Respondent argues that petitioner only presented conclusory assertions that are not supported by any evidence explaining why he failed to exhaust his claims in state court. "Because [p]etitioner's laymen status did not prevent him from raising the unexhausted claims in his federal petition it, in turn, cannot be the reason he did not raise them in the state supreme

court." ECF No. 23 at 3. According to respondent, this is not a case where petitioner protectively filed a § 2254 petition because he was reasonably confused about whether a state habeas petition would be deemed timely filed. Id. at 4 (citing Pace v. Diguglielmo, 544 U.S. 408, 416 (2005)). Lastly, respondent argues that petitioner has not demonstrated that he has not engaged in intentional delay since he has yet to file any state habeas petition challenging his conviction. Id. at 5.

Petitioner did not file a reply brief in support of his motion for a stay, and the time in which to do so has expired.

## II. Legal Standards

### A. Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

### B. Stay and Abeyance

The court may stay a federal habeas application if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. See Rhines v. Weber, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay and abeyance procedure to wholly unexhausted petitions). If petitioner fails to establish any of these three

factors then a Rhines stay is not appropriate.

In determining what constitutes good cause sufficient for a Rhines stay, the Ninth Circuit Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary circumstances in order to justify a Rhines stay. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005). The legal standard for cause to excuse a procedurally defaulted claim boils down to objective factors external to the prisoner. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").

### III. Analysis

Turning first to petitioner's motion for a stay, it is clear that petitioner has not presented any of his pending claims to the California Supreme Court either by way of a petition for review or a petition for writ of habeas corpus. Therefore, the pending § 2254 petition is wholly unexhausted and a stay and abeyance is only available pursuant to Rhines v. Weber, 544 U.S. 269 (2005).[3]

In order to establish good cause for his failure to previously exhaust his claims, petitioner relies on newly discovered evidence concerning the DNA analysis conducted by Criminalist Stephanie James. See Rhines v. Weber, 544 U.S. 269 (2005). Although petitioner attaches this newly discovered evidence suggesting that this raises doubt about his guilt, he does not indicate when he first learned of the deficiencies in the criminalist's report. See ECF No. 22 at 12-56. The court has reviewed the evidence tendered by petitioner and notes that it is dated between April 5, 2013 and May 19, 2015. ECF No. 22 at 12-36. Then, beginning on November 29, 2021, petitioner began sending letters to various parties, including his former trial counsel, trying to obtain copies of all the DNA test results. ECF No. 22 at 38-56. Petitioner does not explain the gap between the California Supreme Court's denial of his petition for review on July 28, 2021

---

[3] A stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), is not available in this case because petitioner's § 2254 application contains only unexhausted claims. The three-step stay and abeyance described in Kelly requires holding in abeyance a fully exhausted § 2254 application while petitioner returns to state court to exhaust additional claims.

5

and his first request for the DNA evidence in November 2021.  Based on this evidentiary gap, the court is unable to conclude that petitioner has established good cause for his failure to previously exhaust his claims in state court based on this newly discovered evidence.[4]

Additionally, petitioner relies on his pro se status and his lack of knowledge about the state habeas process as a basis for staying these proceedings to allow him to properly exhaust his claims.  Respondent points out that this explanation did not prevent petitioner from filing his claims pro se in the present § 2254 proceeding and, moreover, there is no evidence that petitioner has filed any state habeas petition since learning of the need to properly exhaust his claims.  Once again, the court finds that petitioner has not supported his explanation with sufficient evidence to justify his failure to previously exhaust his claims in state court.  As a result, this explanation falls into the category of "a bald assertion" that does not establish good cause under Rhines.  See Blake, 745 F.3d at 982.  The court is also persuaded that petitioner's generalized explanation would run afoul of the dictate in Rhines that a stay and abeyance "should be available only in limited circumstances."  Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014) (quoting Rhines, 544 U.S. at 277)).  Every pro se prisoner who filed a § 2254 petition after the conclusion of direct appeal would be able to obtain a stay and abeyance utilizing this explanation.  However, the statutory scheme for federal habeas review requires state court remedies to be fully exhausted before a prisoner files a § 2254 petition.  See 28 U.S.C. § 2254(b).  For all these reasons, the court finds that petitioner has not established good cause sufficient to obtain a Rhines stay.[5]  The undersigned recommends denying petitioner's motion for a stay.

Based on the court's conclusion that a stay is not appropriate in this case, the undersigned further recommends granting respondent's motion to dismiss petitioner's § 2254 application as it contains no exhausted claim for relief.  See 28 U.S.C. § 2254(b)(1).

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not

---

[4] Petitioner may supplement the record as he deems appropriate in his Objections to these Findings and Recommendations.

[5] In the interest of judicial economy, the court finds it unnecessary to address the remaining two factors for obtaining a Rhines stay.

intended as legal advice.

The court has reviewed the evidence submitted along with your request to stay these proceedings and concluded that you have not established good cause for the failure to previously exhaust your state court remedies. The undersigned is recommending that your motion for a stay be denied and respondent's motion to dismiss your § 2254 petition be granted.

If you disagree with any of these recommendations, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review any objections and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute Ron Broomfield as the respondent in this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for a Rhines stay (ECF No. 22) be denied.
2. Respondent's motion to dismiss (ECF No. 17) be granted and the petition be dismissed without prejudice as wholly unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

1  McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed
2  within fourteen days after service of the objections.  The parties are advised that failure to file
3  objections within the specified time may waive the right to appeal the District Court's order.
4  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  Dated:  December 1, 2022

   _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

13  12/mcca0462.mtd+m4stay.docx